IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARLENE A. SMITH-SCOTT, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-15-1013 |
| | | Bankruptcy No. 14-25022 |
| PATAPSCO BANK, | * | |
| Appellee. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

This case is before this Court on appeal from the Amended Order of the United States Bankruptcy Judge James F. Schneider converting the Chapter 11 bankruptcy proceeding of Appellant Arlene A. Smith-Scott ("Appellant" or "Smith-Scott") to a Chapter 7 proceeding. [1] Ruling on a Motion to Convert by creditors The Patapsco Bank ("Appellee" or "Patapsco Bank") and U.S. Bank National Association ("U.S. Bank"), Judge Schneider outlined several reasons why Smith-Scott was unfit to proceed under Chapter 11 and why this case would benefit from a "proper" and "legal" Chapter 7 administration "under the aegis of the Bankruptcy Court."  Hr'g Tr. at p. 7, ECF No. 6-2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), as Smith-Scott's appeal arises from a final order entered by the United States Bankruptcy Court for the District of Maryland and is brought pursuant to Local Rule 404(1)(a) (D. Md. 2014).   Oral argument is deemed

---

[1] Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq., provides an individual or corporate debtor the opportunity to reorganize and pay off creditors over time. The relief provided under Chapter 7, 11 U.S.C. §§ 701 et seq., is liquidation. In a Chapter 7 bankruptcy case, the bankruptcy trustee liquidates the debtor's assets, which involves selling the debtor's nonexempt property and distributing the proceeds from that sale to the creditors.

unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Appellee Patapsco Bank's Motion to Dismiss Appeal for non-compliance with procedural rules (ECF No. 5) is DENIED, but after review of the record in this case, the Amended Order of Bankruptcy Judge James F. Schneider is AFFIRMED.

## BACKGROUND

Arlene A. Smith-Scott ("Appellant" or "Smith-Scott") commenced these proceedings by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq., on September 28, 2014. Petition, B.R.[2] ECF No. 1. At the time she filed her Chapter 11 petition, Smith-Scott had executed two promissory notes in favor of The Patapsco Bank ("Appellee" or "Patapsco Bank"). The first, in the amount of $400,000, was dated February 21, 2006, modified by an agreement dated June 9, 2014, and secured by a deed of trust and assignment of rents encumbering Smith-Scott's real property at 511 Main Street, Laurel, Maryland 20707. Appellee's App. at p. 135, ECF No. 3-2; Appellee's Br. at p. 3, ECF No. 8. The second, in the amount of $400,000, was dated August 30, 2006, modified by an agreement dated June 9, 2014, and secured by Smith-Scott's real property at 367-71 Main Street, Laurel, Maryland 20707. *Id.*

Smith-Scott rents the 511 Main Street and 367-71 Main Street properties (hereafter "the Main Street Properties"). Appellee's App. at p. 163-64, ECF No. 3-2. A. Smith-Scott

---

[2] B.R. indicates a document filed in the United States Bankruptcy Court docket for this case (Bankruptcy No. 14-25022).

Property Management, her sole proprietorship, collects the rents. *Id.* Additionally, Smith-Scott has established a law firm, the Strategic Law Group, LLC.[3] *Id.*

Smith-Scott owns one other rental property, 10 Stanley Drive, Catonsville, Maryland 21228 (hereafter "the Stanley Drive Property"). *Id.* The Stanley Drive Property was the subject of another case in this Court, in which Smith-Scott alleged that defendants U.S. Bank, Cohen Financial Services, LLC, and Bradley J. Swallows engaged in abusive, deceptive, and unfair debt collection practices. *See Smith-Scott v. U.S. Bank*, 14-cv-01157-JFM Complaint, ECF No. 1. That case was automatically stayed upon Smith-Scott's filing for bankruptcy and has been administratively closed. The rents from that property have been under the control of a receiver since Smith-Scott filed her Chapter 11 petition

Throughout the bankruptcy proceedings, Smith-Scott has maintained four debtor-in-possession bank accounts. They include checking and savings accounts in the name of Arlene A. Smith-Scott d/b/a A. Smith Scott Property Management & Development, into which the rents from the Main Street Properties are deposited, and personal checking and savings accounts in the name of Arlene A. Smith-Scott.

On October 29, 2014, Bankruptcy Judge Schneider entered an order prohibiting Smith-Scott "from using cash collateral with respect to 367 and 511 Main Street . . . without the consent of The Patapsco Bank or the approval of this Court." Order Prohibiting Use of Cash Collateral, ECF No. 2-17. Subsequently, Patapsco Bank authorized Smith-Scott to use rental income from the Main Street Properties to: (1) pay Patapsco the monthly payments due under the two promissory notes, (2) pay water and sewer bills, (3) pay Baltimore Gas &

---

[3] Smith-Scott formed her practice in 2012, shortly after passing the Maryland Bar Examination. *Id.*

Electric bills, and (4) pay for maintenance.[4]   However, despite Judge Schneider's explicit order and this agreement with Patapsco Bank, Smith-Scott proceeded to expend rental income on personal items and services.   Her Monthly Operating Reports, bank statements, and the record in this case reflect the following transactions:

In October of 2014, Smith-Scott spent money from her rental income account at Chick-Fil-A, Panera Bread, the Mens' Wearhouse, and Giant grocery store.  Appellee's App. at p. 35-36, ECF No. 2-15.  Additionally, Smith-Scott transferred $201.00 in rental income to her personal account on October 10, 2014 and withdrew $5,460.06 from her rental income account at a Wells Fargo bank branch between October 10, 2014 and October 21, 2014.  *Id.*

In November of 2014, Smith-Scott spent rental income at The Vitamin Shoppe, Panera Bread, Target, Pet Value, Glamour Nails, and TGI Fridays.  *Id.* at 70-72.  She also used rental income to buy groceries at Sam's Club, Wegmans, and Giant.  *Id.*  Furthermore, on November 19, 2014, she used rental income to purchase airline tickets from Spirit Airlines to travel to Miramar, Florida.  *Id.*  She also transferred $200.00 from her rental income account to her personal account on November 17, 2014, and withdrew $300.00 from the rental income accounts on November 24, 2014.  *Id.*

Smith-Scott made similar personal purchases in violation of Judge Schneider's order, using money from her rental income accounts in December of 2014.  During that reporting period, she spent rental income at The Vitamin Shoppe, Panera Bread, Perfumes Paradise, Healing Asian Spa, iTunes, Amazon, Bob Evans, Grace Hair Braiding, Potbelly, and

---

[4] Patapsco Bank, in its brief, states that the parties stipulated to this agreement and read it into the record at the hearing.  Appellee's Br. at p. 5, n. 3, ECF No. 8.  In her brief, Appellant does not contest the existence of this agreement.

Wegmans.  *Id.* at 88-90.  Additionally, on November 28, 2014, she used rental income to purchase airline tickets from American Airlines to travel to Dallas, Texas.  *Id.*  She also transferred $625.00 in rental income to her personal account and withdrew $4,590.00 *Id.* Finally, Smith-Scott spent rental income at Macy's, Cracker Barrel, and Szechuan Restaurant while in Arizona on December 22, 2014.  *Id.*

Notwithstanding these clearly unauthorized expenses, Smith-Scott's monthly operating reports contained several errors.  First, the monthly ending balances on her reports did not match the following month's beginning balance.  Additionally, she did not report the income that she was receiving from her law practice.  Finally, the reports were filed well beyond the prescribed deadline for their submission.

On February 24, 2015, Patapsco Bank filed a Motion to Convert Smith-Scott's case from a Chapter 11 proceeding to a Chapter 7 proceeding.  On March 31, 2015, U.S. Bank joined Patapsco Bank in its Motion to Convert.  Appellee's App. at p. 189, ECF No. 3-3. On April 7, 2015, Judge Schneider held a hearing on the Motion, granted it from the bench, and outlined on the record his reasons for doing so.  Hr'g Tr. at p. 7, ECF No. 6-2.

Based upon the Appellant's clear violation of his previous order, Judge Schneider stated that he had "no confidence in the debtor's ability to reorganize or to manage the properties or to keep the funds separate or to make the reports that she's required to make to the Court, in an accurate and complete way."  *Id.* at. p. 3.  Additionally, he found that there had been "a complete failure to disclose any income from her law firm or to disclose whether in fact the law firm has been expending time and money in representing the debtor."  *Id.* at p. 3-4.  Judge Schneider found "a clear comingling of accounts between

debtor in possession accounts and accounts of others, including the law firm." *Id.* at p. 4. Further, Judge Schneider noted that the debtor "has failed to file timely and accurate reports" and that "the reports that have been filed show a loss or diminution in the estate." *Id.* at p. 4.   The Judge expressed "no confidence in her ability to administer the rental properties." *Id.* at p. 4.

Judge Schneider questioned whether the Court could administer the assets in the case without a disinterested trustee. *Id.* at p. 5.   "If the debtor is at odds with everyone," Judge Schneider reasoned, "this case has no chance of being reorganized." *Id.* at p. 5.   Judge Schneider also cited Smith-Scott's "lack of knowledge of the Bankruptcy Code," which evidenced her "inability to properly proceed in this case." *Id.* at p. 5.   Specifically, with respect to Smith-Scott's credibility, Judge Schneider noted that "I'm not going to go so far as to say that I don't believe the debtor, but I do find some of her answers questionable in terms of facts." *Id.* at p. 6.   "She certainly has presented a quite contradictory and confused statement of the past events," he added. *Id.* at p. 6.   Finally, Judge Schneider cited Smith-Scott's "violation of a court order and the terms of its use of cash collateral." *Id.* at p. 6.

On April 8th, 2015, Judge Schneider entered an Amended Order (ECF No. 1-2) converting Appellant's case to a Chapter 7 proceeding.   The following day, Appellant filed a Notice of Appeal (ECF No. 1).   Subsequently, Appellee filed a Motion to Dismiss the Appeal (ECF No. 5) on the grounds that Appellant failed to order a transcript of Judge Schneider's ruling from the bench, in violation of Fed. R. Bankr. P. 8009(a)(1)(4).[5]

---

[5] When a partial record has been filed in this Court, this Court may "dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." Local Rule 404.2 (D. Md. 2014).   Appellee filed its Motion to Dismiss on April 19, 2015.   Five days later, Appellant filed her brief,

## **STANDARD OF REVIEW**

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure.  On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  "Under the clearly erroneous standard, if the bankruptcy court's factual findings are plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if it would have weighed the evidence differently." *In re Frushour*, 433 F.3d 393, 406 (4th Cir. 2005) (citing *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004)).

"The brief of the appellant shall contain . . . [a]n argument . . . with citations to the authorities, statutes and parts of the record relied on." *In re Rood*, 482 B.R. 132, 143 (D. Md. 2012) (citing Fed. R. Bankr. P. 8010(a)(1)(E)).  "It is not for this court to scour the record in search of potential bases for his arguments." *Id.*  "Absent exceptional circumstances, an appellate court will not consider an issue raised for the first time on appeal." *Levy v. Kindred*, 854 F.2d 682, 685 (4th Cir. 1988) (citing *United States v. One 1971 Mercedes Benz*, 542 F.2d 912, 915 (4th Cir. 1976)).  The district court may affirm, modify, or reverse a bankruptcy judge's

---

with the transcript of Judge Schneider's ruling attached as Exhibit # 2.  Appellee has had access to the transcript since that time.  Consequently, Appellant's initial non-compliance with Bankruptcy Rule 8009(a)(1)(4) did not prejudice Appellee.  Therefore, Appellee's Motion to Dismiss the Appeal for non-compliance with procedural rules (ECF No. 5) is DENIED, and this Court has considered the merits, or lack thereof, of this appeal.

order, or remand with instructions for further proceedings. *See Fed. R. Bankr. P.* 8013; *see also In re White*, 128 F. App'x. 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson*, 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D. Md. Dec.4, 2006).

In ruling on a Motion to Convert bankruptcy proceedings from Chapter 11 to Chapter 7, a Bankruptcy Court must make a threshold finding of "cause" to convert.   *In re Fraidin*, 188 B.R. 529, 532 n.1 (D. Md. 1995) aff'd, 110 F.3d 59 (4th Cir. 1997). "Once cause is established, the decision of whether or not to convert is left to the discretion of the bankruptcy court based upon the best interest of the estate and the creditors." *Id.* "While this discretion is not completely unfettered, the courts have not been required to give exhaustive reasons for their decisions." *Id.* (quoting *In re Gonic Realty Trust*, 909 F.2d 624, 627 (1st Cir. 1990)).

## **ANALYSIS**

I.   <u>Standing of U.S. Bank to Participate in the Proceedings</u>

Appellant posits that U.S. Bank's security interest in the Stanley Drive Property is invalid and that any statements suggesting otherwise have been "knowingly and purposely manufactured using information that is fraudulent." Appellant's Br. at p. 15-18, ECF No. 6. Therefore, she contends, U.S. Bank "does not have standing to participate in the proceedings before the Bankruptcy Court," and its participation violates her due process rights. *Id.* at 32-33. In support of her allegations, Appellant offers the Affidavit of Paula

Rush[6] and supporting documents allegedly showing that U.S. Bank does not have an interest in the proceedings. *Id.* at 16-18. Had Judge Schneider been aware of U.S. Bank's fraudulent statements and lack of standing, Appellant concludes, he would not have converted her case to a Chapter 7 proceeding. *Id.* at 15.

Appellee contends that the Affidavit of Paula Rush is new evidence, not considered by Judge Schneider, and therefore should not be considered by this Court. "Absent exceptional circumstances, an appellate court will not consider an issue raised for the first time on appeal." *Levy v. Kindred*, 854 F.2d 682, 685 (4th Cir. 1988); *see also In re Computer Dynamics, Inc.*, 253 B.R. 693, 697 (E.D. Va. 2000) aff'd, 10 F. App'x 141 (4th Cir. 2001) ("The district court may only consider that evidence presented to the bankruptcy court and made part of the record."); *In re Bell*, 507 B.R. 898, 902 (S.D. W. Va. 2014) ("On appeal, the district court may only consider the evidence which was presented to the bankruptcy court and made part of the record."). In reviewing Judge Schneider's findings of fact for clear error, this Court only considers evidence actually raised in the Bankruptcy Court proceedings. There is no indication that the findings of Paula Rush were presented to the Bankruptcy Court. In fact, Appellant admits that it is "newly discovered evidence" on page 15 of her brief. Appellant's Br. at p. 15, ECF No. 6. Accordingly, this Court will not consider it. However, even if this Court did consider the findings of Paula Rush, they would not be grounds for reversing Judge Schneider's order.

---

[6] Appellant offers Paula Rush as an "expert witness . . . who specializes in Securitization Auditing." *Id.* at. p. 16. In forming her opinions, Ms. Rush has reviewed "documents pertaining to the underlying mortgage loan" on the Stanley Drive Property, "documents related to Waterfall Victoria Master Fund LTD, and Waterfall Victoria Trust 2001-SBC3 on the U.S. Securities and Exchange Commission website," and other documents obtained from Baltimore County, Maryland land records, Smith-Scott, and other private sources. Rush Aff. at ¶ 2-4, ECF No. 6-5.

Appellant seems to offer the affidavit of Paula Rush in order to rebut Judge Schneider's finding that "this case has no chance of being reorganized" because "the debtor is at odds with everyone."  If U.S. Bank was removed from the proceedings, Appellant reasons, there would be a greater likelihood of reorganization.[7]  However, the Appellant's apparent inability to broker agreement around a reorganization plan was only one of Judge Schneider's many reasons for converting her case.  Additionally, he lacked confidence in her ability to "manage the properties or to keep the funds separate or to make the reports that she's required to make to the Court, in an accurate and complete way."  He specifically cited her "failure to disclose any income from her law firm or to disclose whether in fact the law firm ha[d] been expending time and money in representing [her]," her "clear comingling of accounts between debtor in possession accounts and accounts of others, including the law firm," her failure "to file timely and accurate reports," her "lack of knowledge of the Bankruptcy Code," her "questionable answers" to the court's questions, her "contradictory and confused statement of the past events," and her "violation of a court order and the terms of its use of cash collateral."  Appellant does nothing to suggest that these findings were clearly erroneous.  Consequently, her first argument fails.

II.    <u>Potentiality of Reorganization</u>

Appellant argues that Judge Schneider converted her case from a Chapter 11 proceeding to a Chapter 7 proceeding because "both secured creditors sought a Motion to Convert to a Chapter 7" case, meaning that she "would not be able to effectuate substantial consummation of a confirmed plan."  Appellant's Br. at p. 33, ECF No. 6.  However, she

---

[7] Appellant does not clearly explain why removing U.S. Bank from the proceedings would increase the likelihood of reorganization.

argues, "if only one secured creditor voted against the plan of reorganization the court could cramdown a Chapter 11 Bankruptcy pursuant to 11 U.S.C. Section 1129(b)." *Id.* Therefore, contrary to the Court's finding, a plan of reorganization could have been confirmed. *Id.*

As with Appellant's first argument, this argument focuses solely on Judge Schneider's finding that "this case has no chance of being reorganized" because "the debtor is at odds with everyone." Even if this was the only ground on which Judge Schneider ruled, his order would still survive clear error review. Appellant has merely proposed one possible avenue by which a plan of reorganization might have been confirmed. This does not indicate her likelihood of success, nor explain whether or not she could have satisfied the requirements[8]

---

[8] 11 U.S.C. § 1129(b), in relevant part, states the following:

> (b)(1) Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.
>
> (2) For the purpose of this subsection, the condition that a plan be fair and equitable with respect to a class includes the following requirements:
>> (A) With respect to a class of secured claims, the plan provides--
>>
>>> (i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
>>>
>>> (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;
>>>
>>> (ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or
>>>
>>> (iii) for the realization by such holders of the indubitable equivalent of such claims.

of 11 U.S.C. § 1129(b).  Therefore, in light of these deficiencies in Appellant's argument and the other, independent grounds[9] cited by Judge Schneider in support of his order to convert Appellant's case, Appellant's second argument fails.

III.   <u>Diminution in the Estate</u>

According to Appellant, the payments that she has made to Patapsco Bank, utility companies, and to contracting companies have not "amounted to a diminishing of the value of the bankruptcy estate."  Appellant's Br. at p. 34, ECF No. 6.   Appellant argues that Judge Schneider should not have converted her case from a Chapter 11 proceeding to a Chapter 7 proceeding because "[i]t was the best interest of all creditors to remain in a Chapter 11," she "sought to treat each class in an equitable manner," and "there would be a possibility of effectuating a plan" if U.S. Bank were removed from the proceedings.  *Id.* at p. 39-41. Additionally, Appellant claims, she has paid for property insurance and maintenance on her properties, has kept the properties in good condition, made all required payments to her creditors and to the United States Trustee, and has filed all required "monthly reports along with the bank statements that support those reports."  *Id.* at 42-44.  Furthermore, she "had not been involved in any litigation [with Appellee] prior to the Chapter 11 Bankruptcy filing," has maintained communication with Appellee whenever payments were late, has "made sure funds were good," and "has multiple income streams."  *Id.* at 45.

At the hearing, Judge Schneider found as a factual matter that "[Smith-Scott] has failed to file timely and accurate reports.  And the reports that have been filed show a loss or diminution in the estate."  Smith-Scott argues that Judge Schneider should not have found

---

[9] See discussion of Appellant's First Argument *supra*.

diminution in the estate, despite her clear payment of personal expenses.  Furthermore, this was a minor point in Judge Schneider's reasoning.  Appellant's claim that she has maintained the properties, that her plan would have been beneficial to all parties, and that she has multiple income streams are equally unresponsive to Judge Schneider's decision to convert the case. Judge Schneider based his decision on Appellant's unauthorized use of rental income from the Main Street Properties in violation of his Order Prohibiting Use of Cash Collateral.  He also based his decision on her apparent lack of knowledge of Bankruptcy Law.  Appellant fails to demonstrate that either of these findings were clearly erroneous.

IV. <u>Competency</u>

Appellant specifically seeks to refute one of Judge Schneider's factual findings; that she was incapable of effectively managing the proceedings.  In opposition to this finding, Appellant claims that she has made all required payments to her creditors and the U.S. Trustee, has submitted all required filings, and has maintained communication with Appellee whenever payments were late.  Nevertheless, the record as a whole supports Judge Schneider's finding that Appellant is not competent.   The fact remains that Smith-Scott's monthly operating reports contained several errors.  The monthly ending balances did not match the following month's beginning balance.  Additionally, Smith-Scott did not report the income that she was receiving from her law practice, in violation of Fed. R. Bankr. P. 2015.3(a).  Finally, the reports were filed well beyond the prescribed deadline for their submission.  Appellant has not demonstrated how Judge Schneider's findings were clearly erroneous.  On the whole, the evidence in this case clearly supports Judge Schneider's factual finding that Smith-Scott is not competent to administer her case.

V.    Monthly Reports

Appellant argues that, although the ending balances on her monthly reports consistently failed to match the starting balances for the next month, this was not grounds for converting her case from a Chapter 11 proceeding to a Chapter 7 proceeding. Appellant's Br. at p. 45-47, ECF No. 6.  "Appellee has failed," Appellant argues, to show "that a dismissal or conversion is required by establishing a continuing loss to or diminution of estate." *Id.* at 46.  She contends that the Bankruptcy Court "should have allowed [her] . . . to correct her monthly reports." *Id.* at 47.  "What was not disclosed in the monthly reports," Appellant claims, "[was] disclosed in the Amended Disclosure Statement and the Amended Plan." *Id.* at 48.  Together, she argues, they met the disclosure requirements of 11 U.S.C. § 1125(a)(1).  *Id.*  Additionally, Appellant argues that she has made all required mortgage payments to Appellee, has kept her rental properties in good condition, and has multiple sources of income, sufficient to pay the expenses associated with the properties.  *Id.* at 49. Finally, she contends that any mistakes in her initial disclosure statement and plan were not intended to mislead, did not prejudice the rights of her creditors, and were corrected in the amended disclosure statement.  *Id.* at 49-50.

Appellant's final argument is again unresponsive to the weight of Judge Schneider's decision to convert.  While her Amended Disclosure Statement and the Amended Plan may have included information missing in her monthly reports, that does not mean it was clearly erroneous for Judge Schneider to conclude that she was not properly managing the case. Appellant's other claims, already raised in her previous arguments and dismissed therein, are equally ineffective.

## CONCLUSION

In ruling on Appellee's Motion to Convert, Judge Schneider needed only to make a threshold finding of "cause." *See Fraidin*, 188 B.R. at 532 n.1. "Once cause is established, the decision of whether or not to convert is left to the discretion of the bankruptcy court based upon the best interest of the estate and the creditors." *Id.* "While this discretion is not completely unfettered, the courts have not been required to give exhaustive reasons for their decisions." *Id.* As highlighted throughout this opinion, the record in this case is replete with cause for conversion.  Appellant submitted her monthly reports late, the beginning and ending balances between months did not align, and she did not account for her income from the operation of her law firm.  Additionally, Appellant repeatedly spent rental income from the Main Street Properties on personal items, in violation of the Bankruptcy Court's Order Prohibiting Use of Cash Collateral.  Finally, Judge Schneider found Appellant's answers to direct questions from the Court "questionable in terms of facts."  For these reasons, Judge Schneider's findings of fact were not clearly erroneous, they were plausible in light of the evidence in the record, and he properly concluded that cause existed to convert this case.

Accordingly, for the foregoing reasons, Appellee Patapsco Bank's Motion to Dismiss Appeal for non-compliance with procedural rules (ECF No. 5) is DENIED.  However, having considered the merits of this appeal, the Amended Order of Bankruptcy Judge James F. Schneider converting Petitioner's case from a Chapter 11 proceeding to a Chapter 7 proceeding is AFFIRMED.  A separate Order follows.

Dated:          October 8, 2015

_/s/_____
Richard D. Bennett
United States District Judge

15